Sallie Carroll HENDERSON, Appellant,

v.

Jack HERRINGTON, Appellee.

No. 14048.

Court of Civil Appeals of Texas.

Houston.

March 21, 1963.

Rehearing Denied April 18, 1963.

Paul Maynard, Dave Fretz, Houston, for appellant.

R. W. Lawrence, Palestine, for appellee.

COLEMAN, Justice.

This is a suit in trespass-to-try title. The principal question on appeal is whether the evidence establishes that the cotenants of Sallie Carroll Henderson had notice of her adverse claim as a matter of law.

The 116 acres of land in controversy were the homestead of Abner M. Carroll and his wife, Jane Robertson Carroll. Abner M. Carroll died in 1905 without leaving a will and Jane Robertson Carroll died in 1915 without leaving a will. Jack Herrington acquired the interests owned by all of the heirs at law of Abner and Jane Carroll in the surface of the 116 acre tract, except the ⅛th interest of appellant, by conveyances executed after the year 1958.

The case was tried to the court without a jury on appellant's cross-action in trespass-to-try title. The trial court filed findings of fact and appellant contends that he erred in making certain of the findings.

Appellant urges that the trial court erred in finding that she never gave her cotenants notice that she was claiming title to the land adversely to them. Appellant's

mother lived with appellant and her family for eleven years immediately prior to her death on a farm owned by appellant and her husband. About three years after the death of appellant's mother, appellant and her husband, John Henderson, sold their farm and moved onto the land in controversy. They lived there from 1918 to 1939 and thereafter the land was occupied by one of their children or by a tenant until this suit was filed. Appellant contends that her exclusive occupancy of the premises for such a long period of time raises an inference of notice to the cotenants out of possession, citing as authority the cases of Vasquez v. Meaders, 156 Tex. 28, 291 S.W.2d 926; Mauritz v. Thatcher, Tex. Civ.App., 140 S.W.2d 303, writ ref.; Moore v. Knight, 127 Tex. 610, 94 S.W.2d 1137; and Mills v. Vinson, Tex.Civ.App., 342 S.W.2d 33, ref., n. r. e.

◼ The general rule of law established by these cases is that "constructive notice will be presumed where the facts show * * * that the adverse occupancy and claim of title to the land * * * has been long continued, open, notorious, exclusive and inconsistent with the existence of title in the respondent." Vasquez v. Meaders, supra.

The only evidence of actual notice is certain testimony that appellant's brothers and sisters made an oral gift of the land to appellant. This testimony was controverted and the issue was resolved against appellant by the trial court. Appellant, therefore, cannot recover on her theory of parol gift followed by occupancy and valuable improvements.

◼ The trial court found as a fact that appellant wrote William Chesley Carroll, one of the heirs, about twenty years ago asking him for a deed to the land; that in 1930 she asked her sister, Emma Carroll Elrod, to give her the land; that at the insistence of Judson Dennis, another of the heirs, appellant's son made a partial payment on delinquent taxes in 1939; that

in 1960 she asked J. A. Bell, another heir, to help her pay delinquent taxes and recover the interest of Frank O. Carroll. Appellant and her cotenants remained on friendly terms during all the time she occupied the land and members of the family visited appellant on the land from time to time. None of appellant's brothers or her sisters were living at the time suit was filed. Appellee testified that he offered to buy the land from appellant and that she told him she couldn't sell because the land belonged to all the heirs. These facts support the conclusion of the trial court that the possession of appellant was not adverse and that she had never repudiated the title of her cotenants. The cases cited by appellant are not applicable to the facts of this case. Before a presumption of notice will arise from long continued possession there must be evidence sufficient to show that the one in possession was claiming title to the land as against the record title holder. The question of fact raised by the evidence in this case was found against the contention of appellant

◼ Appellant contends that a common source of title was not proved and that the parties to the suit are not cotenants. This contention avails her nothing because of the finding that appellant has not claimed title to the land against the other descendants of Abner and Jane Carroll.

◼ It is well settled that the plaintiff in a trespass-to-try title action must recover on the strength of his own title and not on the weakness of that of the defendant. Humble Oil & Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218, writ ref. The trial court rendered judgment in favor of appellant for a ⅛th undivided interest in the land as an heir of Abner and Jane Carroll. Appellee proved conveyances into him of the remaining ⅞th of the land from the other heirs of Abner and Jane Carroll. The proof of heirship was sufficient to support the judg-

ment and to show a common source of title. While appellant contends that a sufficient chain of conveyances from the sovereignty into the Carrolls was not proven, still in the absence of sufficient proof of adverse possession to require a favorable finding by the trial court appellant could not recover anything except as an heir of Abner and Jane Carroll, since appellant did not introduce evidence to establish a prima facie case establishing her title to the property by a chain of conveyances from the sovereignty or by presumption of title based on prior possession of the land. Humble Oil & Refining Co. v. Wilcoxon, supra; Lindley v. Mowell, Tex.Civ. App., 232 S.W.2d 256, ref., n. r. e.

The judgment of the trial court is affirmed.