**STATE of Missouri, Respondent,**

v.

**Roy Lee BLAKELY, Appellant.**

**No. 53188.**

Supreme Court of Missouri,
Division No. 2.

Oct. 13, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

David Thomas, Carrollton, for appellant.

PRITCHARD, Commissioner.

On this appeal from a conviction and sentence to five years imprisonment for the commission of the crime of felonious assault (§ 559.190, RSMo 1959, V.A.M.S.), appellant's only point concerns the admission into evidence of a photograph of him taken after his arrest and on the night he was locked up by the Deputy Sheriff of Chariton County, Missouri.

Bert Searcy, 82 years of age, a night attendant of the Apco Service Station in Brunswick, Missouri, was the victim of the assault. At about 1:30 a. m. on December 12, 1966, he was on duty in the office of the Apco station. In the early morning hours of that day appellant came with his brother into the station office. "And the boys were—they were dressed pretty rough, and they had long hair and beards, and they were dirty, and they says 'you owe a woman $200.00, and you are going to pay it right now'." A further demand was made to Searcy for the claimed money owed, which he denied owing, and a threat was made that if he did not "get it quick" or "dig it quick" he was going to "get it good." A fight ensued when Searcy struck appellant when he opened the door to bring a Keith Clavin to the inside. Appellant and Searcy went to the ground scuffling, and appellant "come out with a knife" (unopened). Searcy got back away from him on his feet, then appellant and his brother started kicking and hitting him with their fists, kicking him in the head and generally over his body. The result was that Searcy had bruises over his body and on his ear, with his legs skinned and cut. Appellant and his brother left, but returned shortly, at which time Searcy got his shotgun and snapped it on an empty chamber at appellant, at which time "they jumped me from each side." They scuffled for the gun and appellant hit Searcy "awful hard on the side of the head." Searcy, without objection, described appellant's physical appearance at the time he first saw him in the station: "Well, his hair was long, and he had a mustache and a beard and his clothes were dirty, and he had a dirty appearance all over." He had never seen appellant before, and pointed him out during the trial as one of the assailants (as did Clavin).

Keith Clavin witnessed the affray and testified (over objection that such was not an inference or evidence of guilt) that appellant then had long hair, a long mustache, a heavy growth of beard, and was dressed in a shoddy condition; "a dirty appearance and dirty clothes and condition. * * * A very unattractive condition." Carl Kessler, the arresting officer who saw appellant fighting with Searcy, who took the objected to photograph, State's Exhibit 3, testified without objection that appellant's physical appearance when he saw him was: His

**282**

hair was long, he had a large, long mustache, his whiskers were long, and he had a red maroon "bonanza" shirt which was open half way, laced up with a shoe string with no strings in it. The objection to State's Exhibit 3 was that the way the man looked was not evidence of guilt. The court's ruling was: "It goes to the character of the *witness,* overruled."

State's Exhibit 3 is a front view of appellant, showing a mustache, a beard, rather long hair, and a half open corduroy shirt, without laces, over a "T" shirt.

 Appellant says this photograph should not have been admitted in evidence because it was irrelevant in that it did not tend to prove or disprove any issue in the case; it was an attempt to attack his character which he had not put in issue; and it was an attempt to prejudice and arouse the minds of the jury against him. It is contended that State v. Himmelmann, Mo., 399 S.W.2d 58, governs, but that case is distinguishable on the facts. There a photograph of an automobile showed a bottle of liquor in it, and it was held that such had no relevancy to the assault charge, and the admission of such evidence was prejudicially erroneous. Here the matter of appellant's physical appearance on the night of the assault was relevant on the issue of his identity (Searcy having testified that he had not previously seen him) as an assailant. That appellant was a person who participated in the assault was charged in the amended information, and his plea of not guilty entered February 23, 1967 put his identity in issue. State v. Moore, Mo., 435 S.W.2d 8, 11 [2–5]. Without objection, both Searcy and Kessler testified as to appellant's physical appearance. The photograph tended to corroborate that testimony on the material issue of such identity. State v. Swinburne, Mo., 324 S.W.2d 746, 752 [6, 7]. See also Charles F. Curry and Company v. Hedrick, Mo., 378 S.W.2d 522, 536 [18, 19].

It cannot be known what the court meant by his remark that State's Exhibit 3 went to the "character of the witness," but it is as reasonable to construe the remark as meaning it tended to corroborate the witness' testimony rather than, as appellant contends, it put his character in issue when he had presented no evidence thereon. It is not in the record what appellant's physical condition was at the trial, but however he appeared at the time of the assault, as shown by the verbal testimony and the photograph, would not as a matter of law show him to be, in the eyes of the jury, a "hippy" or "yippie," as he earnestly contends. The trial court has great discretion in determining any prejudicial effect of such an exhibit as being unduly inflammatory, and no abuse of discretion here appears.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.