STATE of Missouri, Respondent,

v.

Clifford GARDNER, Appellant.

No. 9531.

Missouri Court of Appeals,
Springfield District.

April 10, 1975.

John B. Newberry, Springfield, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

Appeal is taken from a judgment of conviction arising from violation of § 559.190, RSMo 1969, V.A.M.S. Defendant was found guilty of felonious assault with intent to do great bodily harm, and his punishment was assessed at a fine of $1,000 and imprisonment in the county jail for a period of six months. In essence, it is urged on appeal that: 1) the evidence does not support a conviction of the charge of felonious assault because defendant did not use force likely to cause great bodily harm; 2) that the trial court erred in refusing to admit a cassette tape offered to impeach one of the State's witnesses; 3) that the trial court erred in permitting the State to amend the information after the close of its case-in-chief, and 4) that the trial court erroneously permitted the State to introduce evidence of threats made by

the defendant after commission of the crime on trial.

Upon review of the record, we are satisfied there is no merit to the claims here presented. Detailed consideration of every point made is unnecessary, but two of defendant's claims of error should be briefly discussed. The first of these is defendant's contention that the trial court erred in permitting the State to amend the information after it had presented its case-in-chief, supplemented by his argument that he was prejudiced because the amendment operated to charge a new and different offense in violation of Rule 24.02, V.A.M.R.

▆ At the outset, we observe that Rule 24.02 permits amendment of an information "at any time before verdict" and defendant's argument that he was in some way deprived of a "right to know the nature of the charge against him" because the amendment was *untimely* was implicitly ruled and decided against defendant in State v. Collins, 383 S.W.2d 747, 749–750 [3] (Mo.1964). Defendant's contention that the amendment operated to charge an "additional and different offense" is similarly without merit. The information as originally filed charged that defendant "on or about the 26th day of June . . . did then and there wilfully, unlawfully and feloniously make an assault upon one Larry Allen Lockmiller, with his the said Clifford Gardner's fists, and knees with force likely to do great bodily harm to the said Larry Allen Lockmiller". In substance, the information alleges an assault and the means used in much the same sequence as the information discussed in State v. Gillespie, 336 S.W.2d 677, 680 (Mo.1960), except that the allegation of malice is omitted, thereby making it clear that the State was attempting to charge felonious assault without malice under § 559.190, RSMo 1969, V.A.M.S. The State was permitted

to add the words "and with the intent" by interlineation. The *intent* to kill or do great bodily harm is an essential element of the offense proscribed by § 559.190, and must be alleged. State v. Cooper, 358 Mo. 269, 271–272, 214 S.W.2d 19, 21 [5] (Mo. 1948); State v. Brown, 267 S.W. 871, 872–873 [3] (Mo.1924). The effect of the amendment was merely to charge correctly and sufficiently the offense attempted to be charged in the original information and did not operate to prejudice the substantial rights of the defendant. Johnson v. State, 485 S.W.2d 73, 75 [1] (Mo.1972).

▆ Defendant's basic complaint, which has been argued with great candor and directness, is that the defendant simply gave Mr. Lockmiller a thrashing and therefore should have been convicted only of common assault. The evidence shows that the defendant struck Mr. Lockmiller with his fists, knocking him to the ground. Defendant then held Mr. Lockmiller on the pavement, kicked or hit Mr. Lockmiller in the groin, and pounded Mr. Lockmiller's head against the pavement. It was necessary for Mr. Lockmiller to have several stitches taken to close the head wound thereby inflicted. An assault with fists may be a force likely to produce death or great bodily harm, State v. Selle, 367 S. W.2d 522, 527 [8] (Mo.1963), an aggravated assault with the fists may constitute a crime even under the malicious assault section, § 559.180, State v. Gillespie, supra, 336 S.W.2d at 680–681 [1–4], and the assertion that the evidence does not support the judgment of conviction is wholly without merit. State v. Himmelmann, 399 S. W.2d 58, 60 [1] (Mo.1966); State v. Townsel, 506 S.W.2d 59 [2] (Mo.App. 1974).

Accordingly, the judgment is affirmed.

All of the Judges concur.