STATE of Missouri, Respondent,

v.

John Arthur TAYLOR, Appellant.

No. WD 33699.

Missouri Court of Appeals,
Western District.

April 5, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied May 31, 1983.

Application to Transfer Denied
June 30, 1983.

tion unless he specifically requests it. Accord-

ingly, this point should no longer be an issue.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, P.J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Appellant Taylor was convicted of the offense of assault in the first degree by means of a dangerous instrument and was sentenced to a term of 30 years added to his then current sentence for which he was imprisoned at the time of the assault. On appeal, Taylor presents two points, the first concerning alleged instruction error on the defense of extreme emotional disturbance and the second on a permitted amendment of the charging instrument. Affirmed.

The events giving rise to the charge occurred in the kitchen area of the Missouri Training Center for Men at Moberly where Taylor, an inmate, was assigned to work. All personnel working in the kitchen were required to wear white hats for sanitary reasons. One Powell, a cook in charge of the kitchen area and serving line, instructed Taylor to put on his hat and Taylor refused. Powell then went to the kitchen office to write up a violation report at which point Taylor became enraged, picked up an aluminum cooking paddle and struck Powell in the head. According to Taylor, the incident with the paddle was preceded by an argument and altercation in which Powell struck Taylor twice with his fists. Taylor did not deny hitting Powell with the paddle but claimed to have done so only in retaliation for the blows first struck by Powell.

The defense of extreme emotional disturbance depended on the version of the incident related by Taylor and reinforced by defense evidence from a fellow inmate. Taylor related his state of mind in the following:

"After Powell hit me I grabbed my mouth and went down and we was right there by the office, right there by the kitchen office, and he had that paddle over there and I seen it in the office and I picked it up and hit him.

\* \* \* \* \* \*

I was kind of upset by the way he swung and hit me, I was kind of off balance, so you know, so I just thought when he hit me in the mouth I just picked up that paddle and hit him."

When the present case was submitted to the trial jury, the court assumed the above had satisfied the requirements of § 565.060.2, RSMo 1978, raising the possibility that the offense was assault in the second degree, and thereby instructed the jury on the question of extreme emotional disturbance. The following instruction which was given forms the basis for Taylor's first point:

"If you find and believe from the evidence that the defendant acted under the influence of extreme emotional disturbance then you will find the defendant not guilty of assault in the first degree as submitted in Instruction No. 5."

Taylor contends the instruction in this form is erroneous because it shifts the burden of proof to him requiring that he establish emotional disturbance as a ground of defense. To the contrary, he says, the state has the burden to prove to the jury beyond a reasonable doubt that he was not acting under the influence of extreme emotional distress, and the jury should have been so instructed.

The instruction as given was erroneous because it conveyed to the jury the proposition that the defendant would have to convince them he acted under the influence of extreme emotional disturbance in order to be acquitted of assault in the first degree. As the cases have described, instructions in this form carry the sense that the burden of such proof is on the defendant "since the finding is obviously for the benefit of the defendant who would be exonerated thereby." *State v. Minnis,* 486 S.W.2d 280, 285 (Mo.1972). This shifting of the burden of proof is erroneous because it denies to the defendant the full effect of the presumption of innocence. *State v. Ford,* 491 S.W.2d 540 (Mo.1973).

Despite the foregoing, however, the instruction error was harmless in this case because Taylor's evidence was insufficient to inject the issue of extreme emotional disturbance into the case as the statute requires. Section 565.060.2, RSMo 1978. Instruction on emotional disturbance was gratuitous and unnecessary. The term extreme emotional disturbance is not defined in the statute and research has disclosed no reported Missouri case which does so. We are indebted to the assistant attorney general who has cited to us several New York cases interpreting the New York Penal Code where the same term of expiration, "extreme emotional disturbance" is found.

In *People v. Patterson,* 39 N.Y.2d 288, 383 N.Y.S.2d 573, 347 N.E.2d 898, 907 (1976),

*aff'd sub nom. Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the court observed that extreme emotional disturbance is a state of mental infirmity not arising to the level of insanity. In *People v. Shelton,* 385 N.Y.S.2d 708, 717, 88 Misc.2d 136 (1976), *aff'd* 78 A.D.2d 821, 434 N.Y.S.2d 649 (1980), the definition encompasses a situation in which the defendant is exposed to an extremely unusual and overwhelming stress with an extreme emotional reaction whereby there is a loss of self-control and reason is overborne. Normal rational thinking for that individual no longer prevails. *People v. Ford,* 423 N.Y. S.2d 402, 102 Misc.2d 160 (1979) concludes that psychiatric testimony is relevant and material on the issue of extreme emotional disturbance which is a more or less transient state, including one of psychotic proportions, and represents an acute reaction to overwhelming environmental stress.

The existence of extreme emotional distress is, of course, a matter to be determined from the facts in each case. Here, there was no proof at all from which the degree of mental balance contemplated by the term could be predicated. Even giving Taylor's evidence full credence and the benefit of all favorable inferences, the most which can be said is that he struck Powell in retribution for the blows inflicted on him by Powell. In Taylor's own words, he was "kind of upset." There was no proof Taylor lost self-control or reason or that he behaved otherwise than was normal when struck in an altercation. Having failed to inject the issue into the case, Taylor sustained no prejudice by reason of any defect in the quoted instruction.

In his second point, Taylor complains of an amendment the state was permitted to insert in the original information on the day of trial. In the relevant part, the information as first filed charged that Taylor "knowingly caused serious physical injury to Floyd Powell by means of a dangerous instrument." The amendment added the words "by hitting Floyd Powell" after the name "Floyd Powell." Relying only on § 545.300, RSMo 1978, Taylor now contends

the amendment should not have been permitted because the charge was thereby changed substantially to his prejudice. The state counters by arguing that even if the amendment should not have been permitted, a point not conceded, the error is not prejudicial because the information was sufficient without the amendment.

■ The sufficiency of an indictment or information is tested by inquiring whether it states the essential elements of the offense charged so that the defendant is adequately informed of the charge against him and the final disposition of the charge will constitute a bar to further prosecution for the same offense. *State v. Thomas*, 625 S.W.2d 115, 126 (Mo.1981). An information charging an offense in the language of the statute is ordinarily sufficient. *State v. Downs*, 593 S.W.2d 535, 540 (Mo.1980).

■ The statute under which Taylor was charged, § 565.050, RSMo 1978, recites the elements of assault in the first degree to be: (1) knowingly (2) causing serious physical injury (3) to another person. When a deadly weapon or dangerous instrument is used, the offense is a Class A felony. The original information in this case as it stood before the disputed amendment contained all the statutory elements and was sufficient to apprise Taylor of the charge against him and to bar reprosecution. The amendment was therefore surplusage and harmless.

■ Even were there any basis to claim that some omission did render the original information deficient, the point yet lacks merit. It is well recognized that an information may be amended at any time before verdict if no additional or different offense is charged and if a defendant's substantial rights are not prejudiced. *State v. Hahn*, 640 S.W.2d 509 (Mo.App.1982). The amendment here added no new charge and Taylor himself does not suggest how the amendment worked any prejudice. No substantial rights of the accused were affected at all.

The judgment is affirmed.

All concur.