Ronnie Ray SEITER, Movant,

v.

STATE of Missouri, Respondent.

No. 51016.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 4, 1986.

Henry Robertson, St. Louis, for movant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Chief Judge.

Movant appeals from a judgment denying his Rule 27.26 motion without an evidentiary hearing. He had pled guilty on February 22, 1982 to a charge of assault in the first degree. Movant argues the trial court erred when it denied his motion because the guilty plea was entered involuntarily, without a factual basis, without jurisdiction in the trial court and on the incorrect advice of counsel. Movant further contends the punishment was in excess of the statutory maximum because at most he pled guilty to a class B felony and not the class A felony for which he was sentenced. The judgment is affirmed in part and reversed in part, and remanded.

■ Appellate review under Rule 27.26 is limited to a determination of whether the findings, conclusions, and judgments of the trial court are clearly erroneous. Rule 27.-26(j).

Movant admitted that he attempted to kill or cause serious physical harm to a woman by choking her. He argues that he could not be guilty of a class A felony because hands are not a deadly weapon or dangerous instrument under the statute.

In the plea proceeding, this interchange took place:

[THE COURT:] At this time tell me what the State would intend to prove?

[PROSECUTING ATTORNEY:] Yes, Your Honor. I anticipate the State would prove that on December 19, 1981, the defendant entered a dwelling at 6610 Delmar, in St. Louis County, and while there he went into the ladies room at the Varsity Theater and attempted to kill or to cause serious physical injury to a Theresa Bush by choking her.

[THE COURT:] Are these facts substantially correct?

[THE DEFENDANT:] Yes sir

[THE COURT:] Would you tell us what the range of punishment is for this offense?

[PROSECUTING ATTORNEY:] The range of punishment is from ten years to thirty years in the Missouri Department of Corrections or Life Imprisonment.

[THE COURT:] I have asked you some questions and you have answered the questions and admitted you are guilty of this charge of Assault in the First Degree, a Class A Felony?

[THE DEFENDANT:] Yes.

[THE COURT:] Do you understand that the Court has the right to give the maximum or minimum sentence; that the maximum is twenty years and the minimum is ten years?

[THE DEFENDANT:] Yes.

Section 565.050 RSMo.1978 (later amended § 565.050 RSMo.Cum.Supp.1984, eff. October 1, 1984), assault in the first degree, provides in part,

"1. A person commits the crime of assault in the first degree if: ... (2) He attempts to kill or to cause serious physical injury to another person; ...

2. Assault in the first degree is a class B felony unless committed by means of a deadly weapon or dangerous instrument in which case it is a class A felony."

Section 556.061 RSMo.1978 (later amended § 556.061 RSMo.Cum.Supp.1984; eff. July 1, 1984) defines "deadly weapon" as "any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles." The same statute defines "dangerous instrument" as "any instrument, article or substance, which, under the circum-

stances in which it is used, is readily capable of causing death or other serious physical injury."

Movant alleges that because the state never declared he used a dangerous instrument or deadly weapon the trial court never acquired jurisdiction and the plea lacked a factual basis.

Appellant makes no attack on the charge brought against him. In fact, the complaint, indictment or information by which he was charged is not included in the record filed with this court. Apparently his claim of lack of jurisdiction is based on the guilty plea itself. He argues primarily that the hands are not a dangerous instrument under the statute.

 A fact (the use of a deadly weapon or dangerous instrument) which is used to determine the punishment for an offense is not an essential element of that offense. *State v. Bradshaw*, 643 S.W.2d 834, 836[4] (Mo.App.1982). The essential elements of assault in the first degree under § 565.050.1(2) RSMo.1978 are (1) attempting *to* (2) kill or cause serious physical injury (3) to another person. See *State v. Taylor*, 651 S.W.2d 603, 606[6] (Mo.App.1983). The factual basis to which movant pled guilty included all the essential elements of assault in the first degree and was sufficient, whether or not the hands are a dangerous instrument for the purpose of finding appellant guilty of a class B felony. Rule 24.02(e). The trial court had jurisdiction to accept the plea of guilty to the crime of assault in the first degree.

 Movant also contends that his plea was not voluntary. Unless there is a clear abuse of discretion, appellate courts defer to a trial court's ruling on the issue of the voluntariness of a defendant's plea. *State v. Bonds*, 521 S.W.2d 18, 20[1–3] (Mo.App.1975). The guilty plea transcript contains numerous questions to movant, probing his knowledge and the voluntariness of his conduct in making the plea. There was no abuse of discretion in the motion court's ruling that movant's plea was knowingly and voluntarily made.

 Additionally, movant complains that his plea was entered on the incorrect advice of counsel. A Rule 27.26 motion must plead facts, not conclusions, by which the charge of ineffective assistance of counsel can be proved, including the source and nature of such facts. *Greenhaw v. State*, 627 S.W.2d 103, 104–5[1, 3] (Mo.App. 1982). Movant's second amended Rule 27.-26 motion does not allege any facts about any advice his trial counsel may or may not have given. There were no facts entitling movant to relief or requiring an evidentiary hearing.

Movant finally alleges his punishment was in excess of the maximum allowable for a class B felony because the state never alleged he committed the offense with anything other than his hands. Movant pled guilty to assault in the first degree, a class A felony involving the use of a dangerous instrument or deadly weapon.

The state relies on *State v. Mace*, 665 S.W.2d 655 (Mo.App.1984) for the proposition that hands can be considered dangerous instruments. In *Mace* the court asserted that hands or fists are dangerous instruments which can cause serious physical injury. 665 S.W.2d at 659[1]. *Mace* held that amending an indictment charging a crime under § 565.060 RSMo.1978 from "knowingly caused physical injury ... with his fist" to "recklessly caused serious physical injury ... with his fist" did not prejudice defendant because both paragraph (1) and (2) of § 565.060 charge the same offense and require defendant to cause serious physical injury to another. *Id.* The question of the classification of a fist as a dangerous instrument was not specifically decided in *Mace* and was not necessary to the decision.

 The state does not deny that movant "choked" Theresa Bush with his hands; the state contends instead that hands can be a dangerous instrument or deadly weapon under § 556.061. Although it is true an assault with fists may be a force likely to produce death or great bodily harm, *State v. Gardner*, 522 S.W.2d 323 (Mo.App.1975),

this is not the same as classifying hands as dangerous instruments or deadly weapons which this court declines to do under the facts here.

■ The trial court's affirmance of the sentencing under a class A felony instead of a class B felony is clearly erroneous. The range of punishment for a class A felony is "a term of years not less than ten years and not to exceed thirty years, or life imprisonment"; the punishment for a class B felony is "a term of years not less than five years and not to exceed fifteen years". Section 558.011.1(1)(2) RSMo.1978 (later amended § 558.011 RSMo.Cum.Supp.1984).

The 18 year sentence, (with nothing in the record about any prior convictions), was more than the maximum punishment for the offense he committed, assault in the first degree, a class B felony. See *State v. Torregrossa*, 680 S.W.2d 220, 228[9] (Mo. App.1984); *State v. Cline*, 452 S.W.2d 190, 195[15, 16] (Mo.1970). A 27.26 motion is the proper remedy to correct a sentence. Rule 27.26(b)(1).

Accordingly, the trial court's denial of movant's Rule 27.26 motion is affirmed, except insofar as it alleges error in the imposition of punishment for the commission of a class A felony.

The cause is remanded for the limited purpose of re-sentencing. The judgment is affirmed in part, reversed in part, and remanded.

CARL R. GAERTNER, P.J., and SMITH, J., concur.