Phillip RODERICK, Appellant,

v.

STATE of Missouri, Respondent.

No. 53670.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 1988.

Application to Transfer Denied
June 14, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On April 8, 1985, movant entered guilty pleas on two different charges. In the first indictment he was charged with robbery first degree, § 569.020, RSMo 1986, as the result of an incident on July 29, 1984. In the second indictment he was charged with kidnapping, § 565.110, RSMo 1986, and robbery second degree, § 569.030, RSMo 1986, resulting from an incident on November 1, 1984. Movant was sentenced to concurrent prison terms of ten years, thirty years, and thirty years, respectively on the three counts.

At the plea hearing the State presented evidence of three prior guilty pleas entered by movant. Based on that evidence the court found movant to be a prior and persistent offender. Movant's attorney did not object to the introduction of movant's prior guilty pleas stating, "we are apprised of that and during our discussion [movant] and I discussed the attendant liability that that [persistent offender status] occasioned and we are aware of the prior convictions."

After the court found movant to be a persistent offender, movant's attorney informed the court that movant was withdrawing his not guilty pleas pursuant to the State's sentencing recommendation. The court then questioned movant who indicated he understood the charges against him and that he could receive combined sentences of up to sixty years plus life. Movant also said he understood the State was recommending concurrent sentences of thirty, thirty and ten years for a total of thirty years, and that the court was not bound by the State's recommendation. As part of the plea agreement the State agreed not to charge movant as a result of an investigation into the possibility there was some tampering with a witness in the kidnapping and robbery second degree counts.

In his Rule 27.26 motion movant attacks the voluntary nature of his pleas to the kidnapping and robbery second degree counts. He does not challenge his plea on the other charge. After movant's attorney entered pleas of guilty on all three counts, the following interchange occurred:

COURT: Then is your client aware of the effect and consequences of the plea?

MR. COX [defense attorney]: Yes.

COURT: Will he be requesting a presentence investigation?

A. No, we'll be waiving that as to each count.

COURT: Is he aware of the charge and the full range of punishment on each one of these charges?

MR. COX: Yes and we have further discussed the attendant liability for finding of persistent offender which the *State had planned to proceed on if we went to trial.*

COURT: Is there any reason why the plea should not be taken at this time?

MR. COX: No, I know of no reason. (Emphasis added.)

Based upon the phrase "if we went to trial," movant now asserts he believed part of the plea bargain was that he would not be sentenced as a persistent offender.

Since movant pled guilty we will only review allegations of ineffective assistance of counsel in the context of the voluntary nature of his pleas. *Kline v. State,* 704 S.W.2d 721, 722[2] (Mo.App.1986); *Dickerson v. State,* 594 S.W.2d 293, 295[4] (Mo. App.1979). He is only entitled to an evidentiary hearing if his motion alleged facts not refuted by the record which would warrant relief. *Seiter v. State,* 719 S.W.2d 141, 143[7] (Mo.App.1986); *Roebuck v. State,* 607 S.W.2d 872, 873[1] (Mo.App. 1980).

The record unequivocally shows that movant's status as a persistent offender was established in his presence, that he was fully aware of the maximum sentence possible if he went to trial, and that he

understood the terms of the plea bargain. *See, Griffin v. State,* 684 S.W.2d 425, 427[1] (Mo.App.1984). Movant, who has a college degree, had prior experiences with the guilty plea procedure. His assertion that he was misled into thinking he would not be sentenced as a persistent offender is refuted by the record. *Coffman v. State,* 740 S.W.2d 250 (Mo.App.1987). Even if the State had promised movant he would not be sentenced as a persistent offender, movant knew that once the State proved his status the court was not bound by the State's sentencing recommendation. *LaRose v. State,* 724 S.W.2d 339, 340[2] (Mo. App.1987).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.