**STATE of Missouri, Respondent,**

v.

**Robert WHEADON, Appellant.**

No. 55478.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 8, 1989.

Application to Transfer Denied
Dec. 12, 1989.

James C. Ochs, St. Louis, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant, Robert Wheadon, appeals from a jury conviction on two counts of assault in the first degree, a class B felony, pursuant to RSMo section 565.050 (1986). On appeal, defendant argues that the trial court erred in: 1) permitting the testimony of an expert witness; 2) denying his motion for judgment of acquittal at the close of the State's case and at the close of the entire case; and 3) in submitting instructions. We affirm.

The evidence adduced at trial revealed that in December of 1987, the victim, Rita Ann Reeves, was dating the defendant. On December 8th, Reeves was given a ride home from work by the defendant. Rather than go straight home, Reeves decided to stop at her mother's home to smoke a cigarette. Defendant subsequently began banging on the door of Reeves' parents' home demanding that Reeves talk with him. Defendant continued beating on the door until he broke a window in the door. He was then allowed inside.

After speaking with defendant for a short period of time, Reeves decided to leave. She told defendant she was going to the bathroom and attempted to sneak out the front door. The defendant, however, had come around the house to the front and met her there; defendant then struck her four times. After the defendant was forced to leave by the victim's father, the police were summoned.

After the police arrived, Reeves decided to return home to get her daughter. She was met by the defendant near her home and struck three more times. The defendant was at that time arrested.

Reeves was taken to the hospital and referred to an ear, nose and throat specialist. Dr. Oscar Hentz testified that Reeves suffered a fractured nose and soft tissue trauma in her face. He further testified that Reeves was unable to breathe through her nose and that there was evidence of infection. Reeves spent six days in the hospital.

On January 22, 1988, Reeves went to the Office Lounge, a nearby bar, with defendant. After drinking an inordinate amount, she asked a bouncer for a ride home because she felt defendant was in a bad mood. Defendant and a friend forcefully carried Reeves out of the bar and drove her to Reeves' mother's home. There Reeves was struck several times by the defendant. This beating caused severe swelling of the face and Reeves testified that her nose was rebroken. Dr. Hentz did not examine Reeves after this attack but testified that, in his opinion, the defendant's attack on Reeves on January 22, 1988, would cause a protracted loss of the use of a part of her body.

The defendant first contends that the trial court erred in allowing Dr. Hentz to testify as to his opinion relating to Reeves' protracted loss of use from the January 22 beating because the hypothetical presented by the State assumed facts not in evidence and called for speculation. The question objected to is as follows:

Q [by Prosecuting Attorney]: Now, Doctor, once again I'm going to ask you to assume certain facts. I'm going to ask you to assume certain facts based on the results or findings made there by the treating physician in the emergency room on January 22, 1988.

I'm going to ask you to assume that the patient but for—but for the injuries that were suffered that you described

earlier as the result of December the 8th, 1987, I want you to assume she was in good health but for those facts. I also want you to assume that this patient was struck several times in the face and I want you also to assume that the patient—went to the emergency room and was treated by a physician there.

Also, I want you to assume that the physician made findings that you read there in the medical records of January 22, that you read State's Exhibit No. 6.

Can you state with a reasonable degree of medical certainty, assuming all those facts, whether or not the findings of the doctor made of those injuries there on State's Exhibit Number 6, would cause any protracted loss of any part of the body?

The admissibility of expert testimony is left to the sound discretion of the trial court and will not be disturbed on appeal unless the court has clearly abused its discretion. *State v. Jordan,* 751 S.W.2d 68, 78 (Mo. App., E.D.1988). In addition, the opinion of a doctor is in the nature of a conclusion of fact but must have a substantial basis in the facts actually established and cannot be invoked to establish the facts. *Craddock v. Greenberg Mercantile, Inc.,* 297 S.W.2d 541, 548 (Mo.1957); *State v. Guyton,* 635 S.W.2d 353, 360 (Mo.App., E.D.1982).

The defendant cites *Butcher v. Main,* 426 S.W.2d 356 (Mo.1968), in support of his argument that Dr. Hentz' testimony should have been disallowed. In *Butcher,* the plaintiff was injured when her automobile was struck from behind. Prior to any evidence being presented on the accident, the plaintiff's attorney asked a long hypothetical seeking a physician's opinion as to what would occur if Mrs. Butcher was struck from the rear "with such force as to violently jerk her head and neck backward and then forward, and then immediately follow-

ing that she began to experience pains in her neck, etc." *Butcher* at 359. Since there had been no evidence presented about the accident, the fact that Mrs. Butcher was struck from the rear had not yet been introduced into evidence. The court, therefore, properly excluded the hypothetical. *Id.*

■ This case presents quite different facts. The physician report from the January 22 incident had been read into evidence immediately before the prosecution presented Dr. Hentz with the above-quoted hypothetical. The December 8 evidence had been presented through Dr. Hentz' testimony of his personal observations of Reeves. Finally, Reeves herself had testified as to being struck in the face several times. Thus, the hypothetical contained only those facts presented into evidence and the trial court did not err in allowing it.

■ Defendant next claims that the trial court erred in denying his motion for a judgment of acquittal at the close of the State's case and at the close of all evidence in that there was insufficient evidence. The court first notes that, as the defendant presented evidence in his own behalf after the State rested, he has waived any claim of error as to the court's denial of his motion for a judgment of acquittal at the close of the State's case. *State v. Dusso,* 760 S.W.2d 546, 547 (Mo.App., W.D.1988). We, therefore, only consider the denial of his motion for acquittal at the close of all evidence.

The defendant puts forth the argument that there was insufficient evidence that he attempted to cause serious physical injury in that there was no weapon used and no actual protracted loss of use of any bodily function or organ.

■ Under the 1978 statute[1] relating to Assault in the First Degree, fists could be

---

1. Section 565.050 (1978) stated:

   565.050. Assault in the first degree.—1. A person commits the crime of assault in the first degree if:

   (1) He knowingly causes serious physical injury to another person; or

   (2) He *attempts to kill* or to cause serious physical injury to another person; or

   (3) Under circumstances manifesting extreme indifference to the value of human life he recklessly engages in conduct which creates a grave risk of death to another person and thereby causes serious physical injury to another person.

   2. Assault in the first degree is a class B felony unless committed by means of a deadly

a force likely to produce death or great bodily harm. *Seiter v. State,* 719 S.W.2d 141, 143 (Mo.App., E.D.1986) (citing *State v. Gardner,* 522 S.W.2d 323 (Mo.App., Spring.D.1975)), but they were not "deadly weapons" or "dangerous instruments". *Seiter v. State,* 719 S.W.2d 141 (Mo.App., E.D.1986). In 1983, the statute was amended. *See* RSMo section 565.050 (1984).[2] The amendment had no effect on the holding in *Gardner* and, as such, fists can still be a force likely to produce death or great bodily harm.[3]

▪ This court also rejects defendant's argument that there was insufficient evidence of actual protracted loss of use. An appellate court's review in criminal cases is limited to a determination of whether the verdict is supported by substantial evidence. *State v. Mayes,* 654 S.W.2d 926, 928 (Mo.App., E.D.1983). "In assessing a sufficiency of the evidence challenge, the evidence, together with all reasonable inferences to be drawn therefrom, is viewed in the light most favorable to the verdict and evidence and inferences contrary to the verdict are ignored." *State v. Mallett,* 732 S.W.2d 527, 530 (Mo. banc 1987).

Section 565.050 (1986) does not require that Reeves actually sustain serious physical injury. The statute states that a person is guilty of assault in the first degree if he "attempts to kill or knowingly causes *or attempts to cause serious physical injury to another person.*" RSMo section 565.-050 (1986). *State v. Jordan,* 751 S.W.2d 68, 74 (Mo.App., E.D.1988).

There is more than sufficient evidence to support the conviction on this ground. Dr. Hentz testified that the January 22, 1988, injuries caused a protracted loss of a part of Reeves body to a reasonable degree of medical certainty. There was also testimony that, left untreated, Reeves would have been in a potentially life-threatening situation. Thus, there was no error.

The defendant next asserts error in the submitting of certain instructions. Defendant's brief on this point is somewhat confusing in that he cites one instruction in his points relied on that is not argued and then argues an instruction not included in his points relied on.[4] This court has the discretion to not review either of those two instructions. *State v. Pettit,* 719 S.W.2d 474, 476 (Mo.App., E.D.1986) (instruction not included in argument not preserved for appeal); *State v. Dusso,* 760 S.W.2d 546, 547 (Mo.App., W.D.1988) (claims not in points relied on not properly preserved for appeal). While this court will not attempt to guess what arguments the defendant would have presented regarding instruction # 7, we will review the arguments regarding instruction # 11 for plain error in the interest of fairness.

The State submitted an instruction # 11 defining "attempt" as follows:

Attempt—Means the doing of any act with the purpose of committing an offense, which act is a substantial step towards the commission of the offense. A substantial step means conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

The defendant claims that it was error to give the instruction in that it was "confusing when read in conjunction with the verdict directors and by defining one element of the verdict directors submitted in this case ..."

The sole authority cited by the defendant is MAI–CR3rd 319.08 (notes on use) claim-

---

weapon or dangerous instrument in which case it is a class A felony.

2. Section 565.050. Assault, first degree, penalty.—1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

    2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

3. The amendment did change the requirements regarding class A assault by removing the "deadly weapon" and "dangerous instruments" requirement. We present no opinion on how this affects the *Seiter* decision.

4. In his points relied on, the defendant cites instructions 5, 6 and 7 as being in error. The brief, however, argues instructions 5, 6 and 10 (the instruction cited as # 10 is actually # 11).

**712**

ing that, since MAI–CR does not require a definition of attempt, one should not have been given.

The rule is that definition of a term, word or phrase are not to be given unless expressly required or permitted by the appropriate notes on use. *State v. Moland,* 626 S.W.2d 368, 372 (Mo.1982). Although the attempt definition conformed with MAI section 333.00, it was error for the court to give the instruction. This court holds, however, that the giving of the instruction did not "so misdirect the jury . . . as to cause 'manifest injustice' ". *State v. Murphy,* 592 S.W.2d 727, 733 (Mo. banc 1979). Thus, there was no plain error.

Finally, the defendant objects to the verdict directors, instructions 5 and 6, claiming that they were not supported by the evidence. As this court has found sufficient evidence to support the conviction, and as the instructions are in conformance with MAI–CR3rd, there is no error.

Affirmed.

REINHARD and CRIST, JJ., concur.

